PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1982 Honda Goldwing motorcycle struck a hole while he was traveling on W. Va. Route 34 in Teays Valley, Putnam County. W. Va. Route 34 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more Lilly stated below.
The incident giving rise to this claim occurred around 9:30 a.m. on July 12, 2003, a clear and dry day. W. Va. Route 34 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on W. Va. Route 34 when he saw the hole. He stated that he had seen the hole previously but had been able to avoid it on other occasions. Mr. Long testified that he was unable to avoid the hole because of a vehicle traveling in the opposite lane which had crossed the center yellow line. He had to maneuver his motorcycle to the side of the highway to avoid the other vehicle and his motorcycle struck the hole sustaining damage to the front shocks. Mr. Long stated that the hole was two or three feet long and one and a half to four inches deep. Claimant’s motorcycle sustained damage totaling $194.23.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 34 at the site of the claimant’s accident for the date in question.
Danny Tucker, Assistant Supervisor for the respondent in Putnam County, testified that he had no knowledge of any holes on W. Va. Route 34 in the Teays Valley area for the date in question or the days immediately prior. Mr. Tucker stated that there were no records of any calls or complaints concerning the condition of the road prior to claimant’s incident. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 34.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s motorcycle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on W. Va. Route 34. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his motorcycle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $194.23.
Award of $ 194.23.